| | | |
|---|---|---|
| SHONITA FRAZIER<br>4430 Falls Terrace SE, Unit 2<br>Washington, District of Columbia 20019 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff, | * | FOR |
| v. | * | PRINCE GEORGE'S COUNTY, |
| PRINCE GEORGE'S COUNTY,<br>BOARD OF EDUCATION<br>14201 School Lane<br>Upper Marlboro, Maryland 20772 | * | MARYLAND |
| | * | Case No.: CAL19-24229 |
| Defendant. | * | |
| Serve On: | * | |
| Shauna Garlington Battle, Esq.<br>General Counsel<br>14201 School Lane<br>Upper Marlboro, Maryland 20772 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW, Shonita Frazier, by and through her attorneys, Paul V. Bennett, Esq., and Bennett & Ellison, P.C., and hereby sues Prince George's County Board of Education and in support thereof states:

### JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to the Americans with Disabilities Act ("ADA") claim pursuant to 42 U.S.C. §§ 12101, et seq.

2. This court has jurisdiction pursuant to Md. Code Ann., State Government Article § 20-606.

3. That all actions complained of herein took place in Prince George's County, Maryland.

4. Defendant, Prince George's County Board of Education, is located in Prince George's County, Maryland.

5. That at all times relevant hereto, Defendant Prince George's County Board of Education, was a business entity employing fifteen (15) or more persons, and is an "employer" within the meaning of the ADA, 42 U.S.C. §§ 12101, et seq., Md. Code Ann., State Government Article, § 20-601(d) (2016).

6. In accordance with the ADA and Md. Code Ann., State Government Article, § 20-601(d), Plaintiff timely filed a Charge of Discrimination with the Maryland Commission on Civil Rights and contemporaneously filed with the U.S. Equal Employment Opportunity Commission on August 9, 2018. On May 8, 2019, a Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission. Therefore, Plaintiff has properly exhausted her administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff was hired by Prince George's County Public Schools on or about August 3, 2016. At all relevant times, she was employed as a Second Grade Teacher at Imagine Foundations at Morningside Public Charter School with an annual salary of approximately fifty-three thousand dollars ($53,000.00) and employment benefits including vacation time, sick leave, pension, and other benefits.

8. At all times during Plaintiff's employment, Plaintiff received a satisfactory or better on her performance appraisals. Therefore, Plaintiff always met or exceeded her employer's legitimate expectations.

9. In August 2017, Defendant reduced Plaintiff's salary from $53,000.00 to $46,000.00.

10. In September of 2017, Plaintiff was told she was under investigation and was removed from her classroom for two to four days.

11. Plaintiff complained to Defendant's Human Resources department on or about September 22, 2017 of a hostile work environment. At that time, she filed a grievance, which was never addressed with Plaintiff.

12. The following week, Defendant then communicated to Plaintiff that she could only teach mathematics and science while another teacher would join her classroom to teach reading and social studies.

13. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagination Foundations at Morningside Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

14. Principal Jessica Johnson did not meet with Plaintiff regarding her request for a reasonable accommodation at that time or any other during her tenure at Imagine Foundations at Morningside Public Charter School.

15. Jessica Johnson, Principal; Nyree Smith, Academic Facilitator; and Ruben Chiza, Academic Facilitator began a pattern of hostility and harassment toward Plaintiff following her diagnosis and disclosure by berating her on a routine basis.

16. In November of 2017, Plaintiff was notified that she was being rated as ineffective.

17. Subsequently, in December of 2017, Plaintiff and Marvina Campbell (no known disability), also a second-grade teacher, went to get their students pizza for a classroom

celebration. Plaintiff was written-up for leaving the building, but Ms. Campbell was not. Further, Plaintiff was verbally berated in front of parents in the main office of the school.

18. In January of 2018, Jessica Johnson verbally harassed Plaintiff when she walked to a different room to provide her child alternate shoes.

19. In February of 2018, Plaintiff took personal leave for a half-day. When Plaintiff arrived to teach in the afternoon, Ms. Lori Adams, an administrative assistant in the main office of the school, told Plaintiff that she would not be paid for the afternoon and she could either volunteer for the afternoon or leave. Plaintiff departed the building as she would not be treated as if she were working on that afternoon.

20. In the last week of February of 2018, Plaintiff was observed on back-to-back days, which is not normal practice by Defendant.

21. On or about March 5, 2018, Plaintiff was placed on administrative leave under the false pretense of having destroyed her classroom and was directed to have an Independent Medical Examination.

22. At that time, Defendant called the police to have Plaintiff escorted from the premises despite her not having conducted herself in a manner that would warrant such intervention.

23. On or about May 10, 2018, Plaintiff submitted to an Independent Medical Examination by Dr. Cynthia Major Lewis.

24. While Plaintiff was awaiting a hearing on her status as an employee, Plaintiff received a letter in June of 2018 advising she had been terminated.

25. Later in June of 2018, Plaintiff had a hearing involving Cynthia Perry at the Prince George's County Public Schools office. Plaintiff was suspended for one day as a result of being tardy.

## COUNT I
## DISABILITY DISCRIMINATION
## (Disparate Treatment)
Americans with Disabilities Act of 1990, as amended
42 U.S.C. § 12101, et seq.

26. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Title I of the ADA, 42 U.S.C. §§ 12111-12117, prohibits discrimination against disabled individuals in the terms, conditions, and privileges of employment.

28. Defendant is a "covered entity" and "employer" under Title I of the ADA, 42 U.S.C. § 12111(2) and (5) respectively.

29. Plaintiff was qualified for the position she formerly held and was performing her job duties at a level that met or exceeded Defendant's legitimate expectations.

30. At all relevant times herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as she suffered from a condition, namely a mental health diagnosis of adjustment disorder that resulted in her having difficulty concentrating preventing her from performing her daily functions in a typical fashion.

31. Plaintiff was able to carry out the essential functions of her position with or without reasonable accommodation.

32. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundations at Morningside

Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

33. Principal Jessica Johnson did not meet with Plaintiff regarding her request for a reasonable accommodation at that time or any other time during her tenure at Imagine Foundations at Morningside Public Charter School.

34. That similarly-situated employees outside the protected class, including by not limited to Marvina Campbell, an individual without a disability and employed by the Defendant, was not subjected to the same kind of severe adverse employment actions that Plaintiff endured, including, but not limited to: reduction in salary, suspension, and termination.

35. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, incurred attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## DISABILITY DISCRIMINATION
### (Failure to Accommodate)
### Americans with Disabilities Act of 1990, as amended
### 42 U.S.C. § 12101, et seq.

36. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

37. At all times mentioned herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as she suffered from a mental health diagnosis, namely adjustment disorder, which affected her ability to focus.

38. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundations at Morningside

Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

39. Principal Jessica Johnson did not meet with Plaintiff regarding her request for a reasonable accommodation at that time or any other during her tenure at Imagine Foundations at Morningside Public Charter School.

40. Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of a second-grade teacher.

41. Plaintiff requested a reasonable accommodation on or about October 2017 when she requested additional time to complete tasks.

42. Defendant made no effort to engage in timely discussions with Plaintiff as to possible accommodations contrary to the mandates of the Americans with Disabilities Act. Further, the American with Disabilities Act required that this discussion be prompt.

43. Defendant violated Plaintiff's rights by refusing to afford her a reasonable accommodation request, as required by the Americans with Disabilities Act, to allow her to perform essential job functions of the position.

44. That the actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, incur attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
### HOSTILE WORK ENVIRONMENT
#### (Disability)
Americans with Disabilities Act of 1990, as amended
42 U.S.C. § 12101, et seq.

45. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

46. The actions set forth above were designed to intimidate, harass, and humiliate Plaintiff.

47. That Defendant's supervisors carried out the aforementioned acts against Plaintiff on the basis of her disability (adjustment disorder).

48. That the aforementioned acts constitute unlawful practices pursuant to Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101, et seq.

49. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability (adjustment disorder).

50. That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

51. That the aforementioned conduct of Defendant's supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to create an intimidating, hostile and offensive working environment for Plaintiff.

52. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur legal fees and court costs.

53. That the intentional actions of Defendant and its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

54. That Defendant knew or should have known of the aforementioned conduct of Defendant's supervisory employees against Plaintiff and failed to take prompt corrective actions.

55. That Defendant is vicariously liable for the conduct of its supervisory employees carried out in the course and scope of their employment. All of the acts set forth above by the supervisory employees were carried out in the course and scope of their employment.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## RETALIATION
### (Adverse Actions and Protected Activity Deterrents)
Americans with Disabilities Act of 1990, as amended
42 U.S.C. §§ 12101 et seq.

56. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth therein.

57. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundations at Morningside Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

58. Plaintiff was then rated as ineffective in November 2017.

59. Further, she was placed on administrative leave on or about March 5, 2018 under the false pretense of having destroyed her classroom and was directed to have an Independent Medical Examination. At that time, Defendant called the police to have Plaintiff escorted from

the premises despite her not having conducted herself in a manner that would warrant such intervention.

60. The aforementioned legally protected activities were known by management to have occurred.

61. The subsequent hostile work environment, denial of request for assistance, and revised position as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

62. That the aforementioned acts of retaliation for complaining of discrimination and retaliation constitute unlawful employment practices pursuant to Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. (2000).

63. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon a disability.

## COUNT V
## CONSTRUCTIVE DISCHARGE
### (Disability)
Americans with Disabilities Act of 1990, as amended
42 U.S.C. §§ 12101 et seq.

64. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth therein.

65. Plaintiff's working conditions changed dramatically beginning on or about August 3, 2017 when Principal Jessica Johnson, Nyree Smith, and Ruben Chiza began demeaning Plaintiff, harassing her, and limiting her classroom responsibilities. Further, they suspended Plaintiff or placed her on administrative leave on two occasions.

66. Through these changes, Defendant deliberately created intolerable working conditions and forced Plaintiff to not return to the office as the working conditions had a medical effect on her.

67. Plaintiff complained to Defendant's Human Resources department on or about September 22, 2017 of a hostile work environment. At that time, she filed a grievance, which was never addressed with Plaintiff. Instead, Defendant continued to perpetrate a pattern of discrimination and harassment against Plaintiff.

68. That the aforementioned acts constitute unlawful practices pursuant to Americans with Disabilities Act ("ADA") claim pursuant to 42 U.S.C. §§ 12101, et seq.

69. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race. Specifically, Plaintiff was forced to not return to her position as her employer refused to address her complaints and allowed the continued perpetration of harassment, discrimination, and retaliation.

70. That the unlawful employment practices complained of above were intentional.

71. That the hostile and discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

## COUNT VI
## DISABILITY DISCRIMINATION
### (Disparate Treatment)
### MARYLAND CODE ANN.,
### STATE GOVERNMENT ARTICLE, §§ 20-601(a)-(d), 20-606(a)(4), 20-609

72. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

73. Maryland Code Ann., State Government Article, § 20-609 prohibits discrimination against disabled individuals in the terms, conditions, and privileges of employment.

74. Defendant is a "covered entity" and "employer" Maryland Code Ann., State Government Article, § 20-609.

75. Plaintiff was qualified for the position she formerly held and was performing her job duties at a level that met or exceeded Defendant's legitimate expectations.

76. At all relevant times herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as she suffered from a condition, namely a mental health diagnosis of adjustment disorder that resulted in her having difficulty concentrating, preventing her from performing her daily functions in a typical fashion.

77. Plaintiff was able to carry out the essential functions of her position with or without reasonable accommodation.

78. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundations at Morningside Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

79. Principal Jessica Johnson did not meet with Plaintiff regarding her request for a reasonable accommodation at that time or any other time during her tenure at Imagine Foundations at Morningside Public Charter School.

80. That similarly-situated employees outside the protected class, including by not limited to other individuals in her department, namely Marvina Campbell, an individual without a disability and employed by the Defendant, was not subjected to the same kind of severe

adverse employment actions that Plaintiff endured, including, but not limited to: reduction in salary, suspension, and termination.

81. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, incurred attorney's fees, and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VII
## DISABILITY DISCRIMINATION
### (Failure to Accommodate)
### Maryland Code Ann.,
### State Government Article, §§ 20-601(a)-(d), 20-606(a)(4), 20-609

82. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

83. At all times mentioned herein, Plaintiff suffered from a "disability" as that term is defined in the Americans with Disabilities Act, as she suffered from a mental health diagnosis, namely adjustment disorder, which affected her ability to focus.

84. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundation at Morningside Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

85. Principal Jessica Johnson did not meet with Plaintiff regarding her request for a reasonable accommodation at that time or any other time during her tenure at Imagine Foundations at Morningside Public Charter School.

86. Plaintiff is a qualified individual with a disability who is able to perform the essential job functions of the position of a Senior Programmer Analyst with Defendant.

87. Plaintiff requested a reasonable accommodation on or about October 2017 when she requested additional time to complete tasks.

88. Defendant made no effort to engage in timely discussions with Plaintiff as to possible accommodations contrary to the mandates of the Americans with Disabilities Act. Further, the American with Disabilities Act required that this discussion be prompt.

89. Defendant violated Plaintiff's rights by refusing to afford her a reasonable accommodation request, as required by the Americans with Disabilities Act, to allow her to perform essential job functions of the position.

90. That the actions of Defendant as set forth above, has caused and will continue to cause Plaintiff to suffer emotional distress, humiliation, mental anguish, incur attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VIII
## HOSTILE WORK ENVIROMENT
### (Disability)
### MARYLAND CODE ANN., STATE GOVERNMENT ARTICLE, § 20-606

91. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

92. The actions set forth above were designed to intimidate, harass, and humiliate Plaintiff.

93. That Defendant carried out the aforementioned acts of discrimination and retaliation against Plaintiff on the basis of her disability (adjustment disorder)

94. That the aforementioned acts constitute unlawful practices pursuant to Md. Code Ann. State Government Article, § 20-606 (2015).

95. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability (adjustment disorder).

96. That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

97. That the aforementioned conduct of the Defendant and its supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment and to create an intimidating, hostile and offensive working environment for Plaintiff.

98. That the discriminatory and retaliatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur legal fees and court costs.

99. That the intentional actions of Defendant and its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

100. That Defendant knew or should have known of the aforementioned conduct of its supervisory employees against Plaintiff and failed to take prompt corrective action.

101. That Defendant is vicariously liable for the conduct of its supervisory employees carried out in the course and scope of their employment. All of the acts set forth above by the supervisory employees were carried out in the course and scope of their employment.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IX
## RETALIATION
### (Adverse Actions and Protected Activity Deterrents)
### MARYLAND CODE ANN. STATE GOVERNMENT ARTICLE, § 20-606

102. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth therein.

103. In October of 2017, Plaintiff was diagnosed with adjustment disorder due to hostility in the work place. She notified administration at Imagine Foundations at Morningside Public Charter School verbally and in writing and requested extra time to complete tasks. Plaintiff also notified Amana T. Simmons, Esq., Defendant's EEO Advisor, of her condition.

104. Plaintiff was then rated as ineffective in November 2017.

105. Further, she was placed on administrative leave on or about March 5, 2018 under the false pretense of having destroyed her classroom and was directed to have an Independent Medical Examination. At that time, Defendant called the police to have Plaintiff escorted from the premises despite her not having conducted herself in a manner that would warrant such intervention.

106. The aforementioned legally protected activities were known by management to have occurred.

107. The subsequent hostile work environment, denial of request for assistance, and revised position as set forth in the above-referenced facts common to all counts amounted to illegal retaliation.

108. That the aforementioned acts of retaliation for complaining of discrimination and retaliation constitute unlawful employment practices pursuant to Maryland Code Ann., State Government Article, § 20-609.

109. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon a disability.

## COUNT X
## CONSTRUCTIVE DISCHARGE
### (Disability)
### MARYLAND CODE ANN., STATE GOVERNMENT ARTICLE, § 20-606

110. Plaintiff hereby restates and incorporates Paragraphs 1 through 25 of this Complaint as though fully set forth therein.

111. Plaintiff's working conditions changed dramatically beginning on or about August 3, 2017 when Principal Jessica Johnson, Nyree Smith, and Ruben Chiza began demeaning Plaintiff, harassing her, and limiting her classroom responsibilities. Further, they suspended Plaintiff or placed her on administrative leave on two occasions.

112. Through these changes, Defendant deliberately created intolerable working conditions and forced Plaintiff to not return to the office as the working conditions had a medical effect on her.

113. Plaintiff complained to Defendant's Human Resources department on or about September 22, 2017 of a hostile work environment. At that time, she filed a grievance, which was never addressed with Plaintiff. Instead, Defendant continued to perpetrate a pattern of discrimination and harassment against Plaintiff.

114. That the aforementioned acts constitute unlawful practices pursuant to Americans with Disabilities Act ("ADA") claim pursuant to 42 U.S.C. §§ 12101, et seq.

115. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race. Specifically, Plaintiff was forced to not return to her position as her

employer refused to address her complaints and allowed the continued perpetration of harassment, discrimination, and retaliation.

116. That the unlawful employment practices complained of above were intentional.

117. That the hostile and discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Shonita Frazier, Plaintiff, demands judgment against Defendant, Prince George's County Board of Education, as follows:

a. Lost wages in the amount of approximately $60,000.00;

b. Damages for her emotional distress and mental anguish in the amount of $150,000.00;

c. Prejudgment and post judgment interest;

d. Award attorney's fees and costs, including expert witness fees, as allowed by law;

e. Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, COBRA payments incurred by Plaintiff, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses;

f. Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, lost earnings capacity,

mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience;

g. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Shonita Frazier, by and through her attorneys, Paul V. Bennett, Esq., Elizabeth A. Marcus-Wenger, Esq., and Bennett & Ellison, P.C., hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,

Paul V. Bennett, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*